Garland, J.
delivered the opinion of the court.
This is an action brought by the indorsee of a draft against the acceptor. The latter alleges the consideration of the hill was part of the price of a house and lot in Portland, Maine, sold by one Eben Steel to him, and that it was drawn, indorsed and accepted, under an agreement among all the parties, that there was a mortgage on the house and lot at the time, which was to be raised before the bill was paid, and as it has not been raised the consideration has failed. Interrogatories were propounded to the plaintiff as to his interest in the bill and the consideration of it. He answers that the bill was indorsed and given to him to collect and apply the proceeds to discharge a mortgage on the house and lot in favor of Olapp, the indorser. From these answers, the answer of the defendant to the petition [52] and the affidavits made by him and his agent, it would appear that Olapp had a mortgage on the house and lot; the defendant purchased it, and to accommodate all parties, Bailey drew the draft in favor of Olapp, which was acceptod to facilitate the arrangement, and if the defendant had paid the draft at maturity, we think it more than probable the mortgage would have been released, for the amount of it at least.
The defendant filed his answer in April, 1840, and on the same day asked for a commission to take testimony out of the State, which was granted. He made no effort to take the testimony. His interrogatories were answered early in May, and it is presumed were soon after returned into the court below. The defendant took no other step to prepare his defence until late in October when he again asked for another commission to take testimony, but in it names no witnesses. The cause was fixed for trial on the 16th of ÍTovember, and five days before the day he made an affidavit to obtain a continuance, which was offered by his counsel on the day of trial in support of a motion to that effect. The judge overruled the motion principally on the ground that sufficient diligence was not used to procure the testimony. We think he was correct For more than six months after the defendant had filed his answer and had the authority of the court to procure testimony he made no effort to obtain it.
But if he had the testimony as stated in his affidavit, it would not avail him. It has been long settlod that a fear of eviction or being disquieted in the possession of real property is no reason to delay payment of the price. 3 La. Rep. 458, 490. The purchaser may, under the La. Oode, art. 2535, demand security, but it is not asked in the answer in this case; and if it were, it is somewhat doubtful whether it would have been ordered, as the defendant knew of the encumbrance when he purchased; and we believe if he had paid the price he promised, the encumbrance would to that extent have been released.
We think the law and equity of the case are against the defendant, [53] and therefore affirm the judgment of the commercial court, with ten per cent, damages and costs.